[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a memorandum of decision with respect to a motion to dismiss for lack of jurisdiction. The motion is made on the basis of the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA) which was enacted as Public Act 99-185, and is now codified as Connecticut General Statutes § 46b-115 et seq.
The facts in this matter are as follows: the parties were married on October 6, 1997 in Annapolis, Maryland. They are the parents of a minor child named Austin A. Gilman, who was born on August 30, 1997. The child was born in Connecticut. Around September or October of 1998 the parties moved to Maryland. The parties lived in Maryland for the remainder of 1998, all of 1999 and into the year 2000. In June of the year 2000, the parties returned to Connecticut. The child stayed in Connecticut until approximately mid-July of the same year, at which time he went back to Maryland to visit his maternal grandmother. On July 20, 2000 the defendant mother returned to Maryland. It is unclear whether she told the plaintiff that she was returning to Maryland on a permanent basis or CT Page 6862 whether she told him the reason at all that she was returning. During the time around July 2000, there is conflicting evidence as to what was communicated between the parties. According to the defendant, she never promised to return to Connecticut. According to the plaintiff, the defendant indicated that she was unsure of her feelings and was in Maryland temporarily in order to consider her options. However, the evidence is clear that she did not return to Connecticut. She stayed in Maryland with the child of this marriage, and another child of hers which is in her custody.
The defendant then lived with her mother and the child in Maryland from approximately July 20, 2000 forward. There was contact between the plaintiff and the defendant during this time. The plaintiff traveled to Maryland immediately upon discovering the defendant had moved from this state, and the parties discussed the status of their relationship. The defendant commenced an action in the circuit court for Anne Arundel County, Maryland in July of 2000, but the action was not served on the plaintiff until January, 2001. The child came to Connecticut in November of 2000 for a visit with his father. He stayed approximately three weeks until the first week in December, at which time the father returned the child to the State of Maryland. On or about December 30, 2000 the father took the child with the mother's consent from Maryland and brought him to Connecticut for purposes of a visit. The child was never returned to the State of Maryland. Subsequently, this action was filed, and service was made upon the defendant. The defendant has not been allowed to see the child, except under the supervision of the plaintiff, by unilateral rule of the plaintiff.
Section 46b-115 of the Connecticut General Statutes is entitled "The Uniform Child Custody Jurisdiction and Enforcement Act". The act became effective on July 1, 2000 and by its terms repealed the Uniform Child Custody Jurisdiction Act which had been codified in Connecticut General Statutes § 46b-90 et seq. The UCCJEA (C.G.S. § 46b-115k) allows that a court of this State has jurisdiction to make an initial child custody determination if: (1) this state is the home state of the child on the date of the commencement of the child custody proceeding; (2) this state was the home state of the child within six months of the commencement of the child custody proceeding, the child was absent from the state, and a parent or person acting as a parent continues to reside in this state. Section 46b-115a (7) provides that "home state" means the state in which a child lived with a parent or person acting as a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding . . . A period of temporary absence of any such person is counted as part of the period."
Section 46b-115k (3) of the new act further states that this state has CT Page 6863 jurisdiction to make an initial child custody determination if: "a court of another state does not have jurisdiction under subdivisions (1) or (2) of this subsection, the child and at least one parent or person acting as a parent have a significant connection with this state other than mere physical presence, and there is substantial evidence available in this state concerning the child's care, protection, training and personal relationships."
The new act represents a marked difference from what had been Connecticut General Statute § 46b-93. Under the former statute, a court of this state could exercise jurisdiction if this state was the home state of the child at the time the proceeding was commenced or it was in the best interest of the child that the court exercise jurisdiction because the child and his parents had a significant connection to the state. The UCCJEA alters the analysis of the initial determination of child custody. Specifically, the new act requires that the "home state" determination be made as a condition precedent to an examination as to whether the child and parent have significant connections with this state. The new act also eliminates that analysis on the basis of "the best interest of the child".
In applying the facts of the instant case to C.G.S. § 46b-115k (1) the court finds that the minor child has lived in the State of Maryland with a parent for six consecutive months immediately prior to the commencement of this proceeding. That finding is based upon the evidence submitted at the hearing, and further bolstered by the plaintiff's action in having taken the child for a period of three weeks in November and subsequently returning the child to the State of Maryland to live with his mother. The court also considered the fact that the parties did reside in the State of Maryland from approximately the fall or winter of 1998 until June of the year 2000 when they moved to Connecticut. The defendant and the minor child were here for some 30 days prior to the time that the child returned to Maryland and the time that his mother followed him. From July 20, 2000 until December 30, 2000 the child lived in the State of Maryland. The fact that there may have been some ambiguity as to where the defendant planned to reside, or some ambiguity with respect to her intentions vis-a-vis the marriage does not change the condition that the child "lived" with a parent in the State of Maryland.
The court finds that Connecticut does not have jurisdiction over this matter pursuant to the terms of the UCCJEA, and accordingly, the defendant's motion to dismiss is hereby granted. The court grants the motion without prejudice in the event that the appropriate court in the state of Maryland declines jurisdiction.
Robaina, J. CT Page 6864